THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant, *v.* THE ATLANTIC REFINING COMPANY, Respondent.

While a railroad company as a carrier of passengers owes a duty to its passengers and also to its employes of active diligence to guard them from danger, as to a stranger, it owes him no such duty, either to guard him from danger, or in any way to anticipate and so, avoid the consequences of his own negligence.

In an action to recover damages alleged to have been caused by the negligence of defendant, the following facts appeared: Plaintiff transported for defendant a carload of lumber; it was kept in place upon the car by stakes placed in sockets at the sides, supported by braces nailed to the tops of the stakes and extending across the lumber. The car was delivered to defendant upon a siding alongside of plaintiff's main track. Defendant's agent, in order to unload the lumber, knocked off the cross-pieces, removed a large portion of the lumber, leaving a high narrow pile on the side toward the main track, and without putting back the cross-pieces, left the car over night. During the night a high wind arose and the lumber fell from the car and upon the main track. The engineer of a train approaching thereon, as soon as he perceived the obstruction, applied the air-brakes, but before the train could be stopped, it struck the lumber and the locomotive and cars were broken and damaged. *Held,* that the evidence justified a finding of negligence on the part of defendant; also, that plaintiff was not guilty of contributory negligence; that it owed defendant no duty to unload or superintend the unloading of the car, or to watch and care for it the night after it arrived, and was not bound, as between it and defendant, to anticipate any danger from the lumber after its delivery, but had the right to run its trains on the assumption that defendant would not negligently permit the lumber to be placed or come upon its track.

Defendant offered to prove that plaintiff kept no watchman at the siding; this was objected to and excluded. *Held,* no error; as plaintiff was not bound to keep a watchman there.

Defendant offered to prove that the car used for transporting lumber was a flat car and not a lumber car with sides boarded part way; this was rejected. *Held,* no error; as the lumber was safely transported and delivered and fell from the car, not from any imperfection in it, but from the careless manner in which it was left.

(Argued December 15, 1891; decided January 20, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made May 7, 1891,

which reversed a judgment in favor of plaintiff entered upon a verdict and ordered a new trial.

This action was brought to recover damages for injuries to plaintiff's property alleged to have been caused by the negligence of defendant.

. The material facts of this case are substantially as follows: On the night of October 31, 1882, the plaintiff's west-bound freight train left Hornellsville, about eleven o'clock, for Wellsville, a station about twenty-six miles further west. About three miles east of Wellsville, there was a side track known as Dykes' switch. As the train, going at the rate of forty or forty-five miles an hour upon the main track, approached this side track, the head-light of the locomotive illuminated the track for some distance, and the engineer, Chapman, perceived an obstruction upon the track, which looked to him like a pile of lumber, about 250 feet ahead. He immediately applied the air brakes and reversed his engine, but was unable to stop the train before it struck the lumber. He was badly injured, the train was derailed, and the locomotive and cars broken and damaged. It was then ascertained that the lumber had fallen from a car which had been delivered to the defendant upon the siding, and which it had partly unloaded and then left over night standing on the siding adjacent to the main track, without replacing the fastenings which it had removed in order to unload lumber. The car had been transported from Olean and delivered to the defendant about four o'clock in the afternoon at Dyke's switch, where it was engaged in building some oil tanks. In order to keep the lumber safely on the car, there were stakes set in sockets along the sides of the car, and these stakes were supported by cross-pieces, or braces, nailed to the tops of the stakes, extending across the top of the lumber, thus preventing the stakes from being pushed out of place or broken by the weight of the lumber. The defendant's agent, in order to unload the lumber, knocked off these cross-pieces, took out the stakes on the side of the car furthest away from the main track, and removed from the car several wagon loads of lumber, not unloading it evenly from the top, but taking it

mostly from the side of the car away from the main track, and taking out a number of pieces from the middle or under part of the load, thus leaving the lumber on the car in a high, narrow pile next to the plaintiff's main track, without putting back the cross-pieces which formed the chief support of the stakes. The defendant's agents went away and left the car over night. During the night, between eight and eleven o'clock, there was a storm of wind and rain, and before the plaintiff's train reached the spot, the lumber fell, or was blown from the car upon the main track, and the accident was thus occasioned. The plaintiff brought this action to recover the damages it sustained from the accident, alleging that the lumber came upon its track through the negligence of the defendant. The plaintiff recovered a verdict at the Circuit.

Further facts are stated in the opinion.

*Charles Steele* for appellant. The question as to defendant's negligence was correctly disposed of. (*Chapman* v. *A. R. Co.*, 38 Hun, 667; 108 N. Y. 638.) Evidence as to the kind of car used was properly excluded. (*Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383; *Gordon* v. *G. S. R. R. Co.*, 40 Barb. 550; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9, 27, 28; 2 Thomp. on Neg. 1151, 1172, § 18; 1 S. & R. on Neg. 141, § 92; *Brown* v. *Lyman*, 31 Penn. St. 510; Beach on Cont. Neg. 22, § 9; *T. R. R. Co.* v. *Munger*, 5 Den. 255; Whart on Neg. §§ 323, 324, 349; *Larmore* v. *C. P. I. Co.*, 101 N. Y. 391; *Splittorf* v. *State*, 108 id. 205; *Donahue* v. *State*, 112 id. 142; *Cusick* v. *Adams*, 115 id. 55; *A. & E. R. R. Co.* v. *Baldwin*, 60 Md. 88; *H. & S. J. R. R. Co.* v. *Kenny*, 41 Miss. 272; *Sinram* v. *P. & F. W. R. R. Co.*, 28 Ind. 244; *R. R. Co.* v. *Skinner*, 19 Penn. St. 298; *Schoonmaker* v. *McNally*, 3 Hun, 415; *Beisiegel* v. *N. Y. C. R. R. Co.*, 34 N. Y. 622, 628, 632; 40 id. 9; 1 S. & R. on Neg. §§ 86, 125; Beach on Cont. Neg. 19–21, 35, 37, § 11; Cooley on Torts, 69; *Lannen* v. *A. G. L. Co.*, 44 N. Y. 459; *Lanigan* v. *N. Y. G. Co.*, 71 id. 29, 33; *Weber* v. *N. Y. C. R. R. Co.*, 58 id. 451, 458; *McGrath*

v. *N. Y. C. R. R. Co.*, 59 id. 468, 472; 63 id. 522, 528; *Dyer* v. *Erie R. R. Co.*, 71 id. 228, 233; *Houghkirk* v. *D. & H. C. Co.*, 92 id. 219, 226; *Grippen* v. *N. Y. C. R. R. Co.*, 40 id. 41; *Cumming* v. *B. C. R. R. Co.*, 104 id. 669, 671.)

*John Brooks Leavitt* for respondent.   All evidence that tended to convict the defendant of negligence in causing the catastrophe, tended even more strongly to convict the plaintiff of negligence in contributing to that catastrophe.   (*Gardineer* v. *N. Y. C. & H. R. R. R. Co.*, 103 N. Y. 674; *Baulbec* v. *N. Y. & H. R. R. Co.*, 59 id. 356; *Webster* v. *R., W. & O. R. R. Co.*, 115 id. 112; *Bushby* v. *N. Y., L. E. & W. R. R. Co.*, 107 id. 374; *Byrnes* v. *N. Y., L. E. & W. R. R. Co.*, 113 id. 251.)   It was error for the trial court to refuse to allow the defendant to prove that the car which the plaintiff furnished to defendant was not what was called a lumber car.   (*R. R. Co.* v. *Pratt*, 22 Wall. 123.) The trial court erred in holding that there was no evidence of contributory negligence on the part of the plaintiff; in excluding evidence of contributory negligence, and in holding that plaintiff's contributory negligence did not constitute a defense to the action.   (Beach on Cont. Neg. §§ 3, 22; *Munger* v. *T. R. R. Co.*, 4 N. Y. 349; *Tolman* v. *S. B. & N. Y. R. R. Co.*, 98 id. 198; Wood on Railways, § 299; *Ilegeman* v. *W. R. R. Co.*, 13 N. Y. 9; *P. R. R. Co.* v. *Derley*, 14 How. Pr. 486; *Webster* v. *R., W. & O. R. R. Co.*, 115 N. Y. 102; *Palmer* v. *D. & H. C. Co.*, 120 id. 170; *Richardson* v. *G. E. R. R. Co.*, L. R. [10 C. P.] 486; *Gottlieb* v. *N. Y., L. E. & W. R. R. Co.*, 100 N. Y. 462; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 408; *Caldwell* v. *Steamboat Co.*, 47 id. 282; *R. R. Co.* v. *Pratt*, 22 Wall. 123; *Bushby* v. *N. Y., L. E. & W. R. R. Co.*, 107 N. Y. 374; *Byrnes* v. *N. Y., L. E. & W. R. R. Co.*, 113 id. 251; *Haugh* v. *C., R. I., etc., R. R. Co.*, 73 Iowa, 76; *Carpenter* v. *B. & A. R. R. Co.*, 97 N. Y. 494; *Lockhart* v. *Lichtenthaler*, 46 Penn. St. 151; *Rathbun* v. *Payne*, 19 Wend. 399; *T.*

*R. R. Co.* v. *Munger,* 5 Den. 255 ; *Sanford* v. *E. A. R. R. Co.,* 23 N. Y. 343 ; Cooley on Torts, 674 ; *T. H., etc., Co.* v. *Graham,* 45 Ind. 286 ; *Ruter* v. *Foy,* 46 Iowa, 132.)

EARL, J.   Chapman, the engineer upon the plaintiff's engine at the time of the accident, was severely injured, and he brought an action against the defendant to recover for his injuries. His recovery was sustained in the General Term and in this court.   (38 Hun, 637 ; 108 N. Y. 638.)   In that action it was finally determined in this court that there was sufficient evidence of the defendant's negligence to uphold the plaintiff's recovery.   Upon the trial of the action which resulted in the judgment now under review, the plaintiff called no witnesses, but by consent read the evidence given on behalf of the engineer in his action, and most of the defendant's evidence was also read as it was given in that action.   Thus, the evidence given on the trial of this action is substantially the same as that given upon the trial of that action.

Without, therefore, further examining the evidence, we may properly hold that the negligence of the defendant was sufficiently established, and proceed to the main contention now made on its behalf, that there was contributory negligence on the part of the plaintiff which forbids its recovery.   It was upon this ground that the judgment entered upon the verdict was reversed by the General Term.

This carload of lumber was transported by the plaintiff and placed upon the side track for the defendant, and there it received the delivery of the lumber.   At the time of its delivery, it was in a safe condition on the car, properly loaded and fastened.   If the defendant had removed all the lumber from the car on that day, as it undoubtedly could, no accident would have happened.   And if, as the jury must have found, after removing a part of the lumber, it had left what remained on the car properly loaded and fastened, no accident would have happened.   But because of negligence attributable to it, and solely because of that, the lumber in some way and from some cause fell from the car upon the main track and

thus caused the accident. The plaintiff owed no duty to the defendant to unload the car or to superintend the unloading of the car, or to watch and take care of the car during the night of the accident. It had no watchman at that place and owed no duty to the defendant to keep one there. It was not bound, as between it and the defendant, to anticipate any danger from the lumber upon that car after it had been delivered to the defendant. It had the right to assume that the defendant would discharge its duty, and that it would not negligently place the lumber upon the plaintiff's track or permit it to be placed or come there. Therefore, it had the right to run its train on the assumption that the track at that point was clear and safe ; and the defendant, through whose negligence the accident was caused, has no right whatever to charge the plaintiff with negligence. We have not here an inquiry about the duty which the plaintiff, as a carrier of passengers, owes to its passengers or to the employes upon its trains. As to them it is under the duty of active vigilance to guard them from danger. But as to a stranger with whom it has no relations, and to whom it owes no duty, it is not bound to active vigilance to guard him from damage, or in any way to avoid the consequences of his negligence. If the plaintiff had been aware of the defendant's negligence, or had known that the lumber was upon the track, or that it was likely to be there, or if its engineers had seen it in time to avoid the accident, then the duty would have devolved upon it to guard against the danger by active vigilance on its part. But having no knowledge or notice of the danger, it owed no duty whatever to act upon the assumption that the danger might exist, and thus to take affirmative measures to protect itself against any wrong which the defendant might inflict upon it. Any citizen in the prosecution of his own business may everywhere act upon the assumption that no other citizen will by misfeasance, or nonfeasance, cause him an injury, unless there is something in the circumstances of the case which casts upon him the duty of active vigilance for his own safety. The trial judge, therefore, did not err in holding that there was no evidence in this

case of contributory negligence on the part of the plaintiff which shielded this defendant from liability for the consequences of the accident. The plaintiff was not bound to keep a watchman at this side track; hence the trial judge committed no error in refusing to admit the defendant's proof that no watchman was kept there. Neither did the trial judge err in refusing to allow the defendant to prove that the car which the plaintiff furnished to it for transporting the lumber was not a lumber car, boarded up part of the way around the sides, but a flat car. The lumber was transferred in safety to this side track, and when delivered was safely fastened on the car, and it fell from the car, not from any imperfection in the car, but from the careless manner in which the lumber was left upon the car after a portion of it had been removed by the defendant.

The following requests to charge, made on the part of the defendant, were properly refused: "If you find that the accident occurred through the negligent omission to foresee that the lumber was not left in a condition to withstand a storm, then the plaintiff is equally negligent." "If you find that the accident occurred through any negligent omission of plaintiff to have a track walker, a person in charge of the tracks, the verdict should be for defendant." "Plaintiff was bound to keep its tracks in a safe condition." "Plaintiff was bound to see that this car was in a safe condition over night." "Plaintiff had the custody of this car over night." "If you find that this car was over night in the custody of the railroad company, the defendant is not liable." And the following portion of the judge's charge which is complained of by the defendant, and which the General Term held to embody error, we think contains an accurate statement of the law applicable to this case: "I have already stated to you that the negligence upon the part of the railroad company in not having a watchman, upon the track if you please, or in running its engine at a high rate of speed, or anything of that kind, has nothing to do with the question of absolving these defendants from their liability. The plaintiffs were not bound to assume that these

defendants were going to put their lumber upon the track, and therefore, have a watchman for the purpose of seeing they kept it off. The law does not require a railroad company, or anybody else, to provide a guard to keep trespassers off their property, or to keep persons from putting obstructions upon their tracks. If persons do put obstructions upon the tracks of a railroad company they are responsible for it under all circumstances. But if the engineer saw this obstruction in time to have stopped that train, then he was bound to use all reasonable efforts for the purpose of so stopping it. If, however, he did not see it, and ran into it, no matter whether he ought to have seen it or ought not to have seen it, it is immaterial so far as these defendants are concerned; his negligence in not seeing it would not absolve them from the liability which otherwise would have existed. If he willfully ran into the danger, of course there would be no right of action upon the part of the plaintiffs here."

In this portion of the charge the judge evidently did not intend to say that the defendant was guilty of a trespass, or of willfully placing this lumber upon the track. Assuming that the lumber came upon the plaintiff's track through the negligence of the defendant the rules of law stated by the trial judge are precisely applicable.

We are, therefore, of opinion that the order of the General Term should be reversed and the judgment entered upon the verdict affirmed, with costs.

All concur.

Order reversed and judgment affirmed.